## AFFIDAVIT FOR SEARCH WARRANT

1. I, Sargis Zadoyan, a Task Force Officer ("TFO") with the United States Drug Enforcement Administration ("DEA"), do hereby state under oath as follows:

2. My name is Sargis Zadoyan, I am currently a TFO with the DEA. I am employed as a police officer with the Kansas City International Airport Police ("KCIPD"), and has been so employed since January 2006. I have been assigned to the DEA Kansas City Interdiction Task Force ("KCITF") since February 2008. During my current assignment with the DEA, I have participated in numerous investigations of individuals who violated the Controlled Substances Act (Title 21, United States Code) and related offenses. I have received trainings in the area of drug interdiction, money laundering, and other drug investigations.

3. I have also received specialized training in the enforcement of federal drug laws. My training and experience has involved, among other things, debriefing defendants, witnesses, and informants, as well as others who have knowledge regarding the distribution and transportation of controlled substances and laundering and concealment of proceeds of drug trafficking; surveillance; drug identification; undercover operations; legal aspects pertaining to drug investigations; asset forfeiture; and analysis of documentary and physical evidence. Based on my training and experience as a TFO with the DEA, I have become familiar with the manner in which drug traffickers conduct their drug-related business, including the methods employed by drug dealers to import, conceal, transport, and distribute illegal drugs, and the use of coded language to refer to various drugs, drug proceeds, and other aspects of drug trafficking.

4. This affidavit contains information necessary to support probable cause for this application. It is not intended to include every fact or matter observed by me or known by law enforcement. The information provided is based on my personal knowledge and observations

1

during the course of this investigation, information conveyed to me by other law enforcement officials and others, and my review of records, documents, and other physical evidence obtained during this investigation.

## ITEMS TO BE SEARCHED AND EVIDENCE TO BE SEIZED

5. This affidavit is in support of a search warrant for following items, hereinafter collectively referred to as the **"Target Suitcases"**:

    a. A light blue, "Bric's" brand, hard-sided suitcase with a Southwest Airline bag tag bearing the name Daijah V. Burge, further described in Attachment A1; and

    b. A light pink, "Bric's" brand, hard-sided suitcase with Southwest Airline bag tag bearing the name Daijah V. Burge, further described in Attachment A2.

6. The **Target Suitcases** were seized at the Kansas City International Airport, Southwest Airlines, located at 34 North Rome Circle, Kansas City, Platte County, Missouri, on June 2, 2021, subsequent to a drug odor detecting canine alert to the suitcase and refusal of consent to search. Daijah V. Burge, who was traveling from Oakland, California, to Baltimore, Maryland, was in transit in Kansas City, Missouri, and whose name is on the **Target Suitcases**, initially claimed the **Target Suitcases**, but later claimed she did not check any suitcases and disclaimed ownership of the **Target Suitcases**.

7. Based on my training and experience, I am aware that drug traffickers often conceal illegal drugs inside travel bags while utilizing public transportation, such as airports, from source areas in the United States to other areas in the United States as well as the proceeds from illegal drug sales back to the source areas. California has been identified by law enforcement as a source area for illegal drugs.

8. I am requesting to seize any items associated with drug trafficking based on my training and experience, such as: any illegal drugs, drug paraphernalia, drug ledgers, and United States currency, further described in Attachment B. I am also seeking authority to seize any indicia of ownership within the **Target Suitcases**.

## OFFENSES UNDER INVESTIGATION

9. Based upon my training and experience and on the facts set forth in this affidavit, I believe both **Target Suitcases** contain evidence of violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy or attempt to distribute controlled substances).

## PROBABLE CAUSE

10. On June 2, 2021, your affiant, along with the members of the DEA KCITF, conducted interdiction duties at Kansas City International Airport, Southwest Airlines, located within the Western District of Missouri. These duties include utilizing a drug odor detection canine to conduct a free air sniff of checked in bags, prior to the boarding of the flights, and making consensual contact with passengers.

11. At approximately 3:23 p.m., DEA TFO Andrey Ignatenko, utilizing his drug detection canine Csibi, conducted a free air sniff of the checked bags on Southwest Airlines flight 594 destined for Baltimore, Maryland. Canine Csibi alerted to the odor of narcotics on or about the **Target Suitcases**. The **Target Suitcases** were in transit through Kansas City, Missouri, and both bore tags bearing the name "Daijah V. Burge." The Southwest Airline bag tags affixed on both suitcases indicated that Burge started her travel in Oakland, California, and was destined for Baltimore, Maryland.

12. Special Agent ("SA") Jaimie Wolf of Homeland Security Investigations ("HSI") and I were in the Southwest Airlines secured boarding area and made consensual contact with Burge. SA Wolfe and I identified ourselves as law enforcement and asked to speak with Burge. After obtaining consent to speak with Burge, I informed Burge that DEA and HSI agents were working at the airport in an attempt to reduce illegal contraband being smuggled in and out of Kansas City. SA Wolfe informed Burge that a canine alerted to the odor of narcotics from her two checked suitcases, the **Target Suitcases**. I asked Burge if she had any illegal narcotics in her checked suitcases and Burge stated she did not. Burge was asked for consent for law enforcement agents to search the **Target Suitcases**. At that point, Burge was very nervous and stated that she did not know if she wanted to give consent or not. Burge asked if she could call her family lawyer.

13. Burge stated her phone was dead and asked if she could charge her phone and make a phone call. I walked with Burge to a charging station and Burge connected her phone. After talking to an unknown person on the phone, Burge stated that she did not consent to a search of her suitcases. Burge further stated she did not have any checked suitcases. I asked to see Burge's identification, which she claimed she misplaced. I again asked to see Burge's identification and Burge finally provided her California state identification. I double-checked the name printed on the Southwest Airline bag tags affixed to the **Target Suitcases** and they bore Burge's name.
I asked Burge if she checked in two suitcases in Oakland with Southwest Airlines and she stated she did not. I obtained Burge's phone number and address, and the phone number and the address matched the phone number written on the bag tag affixed to the light blue suitcase. The hand-written bag tag on the light pink suitcase was partially torn; however, the street number of the address and the area code of the phone number were the same.

14. I told Burge that her name was on both suitcases and initially she claimed both suitcases but was unsure about giving consent for the suitcases to be searched. Burge again claimed she did not check any suitcases and stated someone else probably checked the **Target Suitcases** under her name. I detained Burge for a short time in order to obtain her personal information. After obtaining Burge's personal information, I informed her that the **Target Suitcases** were going to be seized pending further investigation and application for a search warrant. Your affiant informed Burge that she would be contacted to be informed of the outcome of the search warrant if one was granted. Burge was released to continue with her flight to Baltimore, Maryland.

15. Canine Csibi is a two year old brindle Dutch Shephard trained for specific odor narcotics detection at the Huston K9 Academy. Canine Csibi and TFO Ignatenko were certified in the specific odor narcotics detection of Marijuana, Cocaine, Methamphetamine and Heroin by the North American Police Work Dog Association (NAPWDA) in February, 2021.

16. While serving with handler TFO Ignatenko, Csibi's alerts have resulted in the seizure of approximately 50.48 pounds of marijuana/THC products, 10.27 pounds of methamphetamine, 56.69 grams of cocaine, 2.00 grams of heroin, and $724,781 in United States currency.

17. The **Target Suitcases** are currently located at the DEA Kansas City Interdiction Task Force within Kansas City, Platte County, in the Western District of Missouri.

### REQUEST FOR SEALING

18. I further respectfully request that the Court order that all papers in support of these applications, including the affidavit and search warrants, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents

because their premature disclosure may seriously jeopardize that investigation. Based upon my training and experience, I have learned that criminals actively search online for criminal affidavits and search warrants via the internet, and disseminate them to other criminals as they deem appropriate, *i.e.*, post them publicly online. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, notify confederates and threaten or harm witnesses.

## CONCLUSION

19. Therefore, based on the foregoing facts, I believe there is probable cause to believe that the **Target Suitcases** contains evidence of a crime, including 21 U.S.C. § 841(a)(1) (possession with intent to distribute controlled substances); and 21 U.S.C. § 846 (conspiracy or attempt to distribute controlled substances).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Sargis Zadoyan
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me via telephone or other reliable electronic means on this __3rd__ day of June 2021.     At 2:30 pm

HONORABLE W. BRIAN GADDY
United States Magistrate Judge
Western District of Missouri 

6